## COLIN CAMPBELL *et. al vs.* MARY WHITE.

A married woman living with her husband, is liable for goods belonging to the class of fam'ly necessaries, used by her husband's family, where such goods were purchased by her, on her individual credit.

Absence from the State, to prevent the operation of the statute must be actual, not merely constructive; returns of the debtor, to set the statute running again, must be sufficiently open to enable the creditor, with reasonable diligence, to serve process upon him, and it must not be a secret one, designed to deceive and mislead the creditor. Open visits, which might well be known to all persons, are to be credited to the debtor, while on the other hand successive absences may be accumulated against him.

Error to Wayne Circuit.

*Opinion by* GRAVES J.—Three questions were involved in this case, two of which were as follows:

1. Whether a married woman, residing with her husband and owning a seperate estate, can be held liable for merchandise purchased by herself on her indivdual credit and sole agreement to pay for it in case the items belong to the class of family necessaries, and are actually used by the husband's family and in his household.

2. The legal bearing and effect of the visits of Mrs. White to Detroit, under the circumstances stated in the record, she being a resident of Canada.

*Held,* That the first question should be answered in the affirmative, upon the grounds stated by Cooley, J., in *Tillman, vs. Shackleton*, 15 *Mich.*, 447. The liability of the wife was consequent upon her obtainment of the goods on her sole credit and individual promise to pay for them, and was not conditional upon the kind of use to which the goods should be subseqently put. Of course the principles which apply here can bear no relation to the doctrine of those cases where goods are furnished

to the wife or family at the instance of the wife, and are considered as furnished to the husband, or at his expense.

Defendant's residence in Windsor, Canada, was not controverted, though the evidence tended to show that she was frequently in Detroit. A question was raised whether those visits affected the application of the statute of limitations. The provision of the statute is, that "if after any cause of action shall have accrued, the person against whom it shall have accrued, shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the term limited for the commencement of the action." The condition upon which the suspension of the statute depends, requires the concurrence of two facts : residence out of the State and absence from it; and without the conjunction of these two elements the condition will be incomplete.

Absence from the State, to prevent the operation of the statute, must be actual, not merely constructive ; returns of the debtor, to set the statute running again, must be sufficiently open to enable the creditor, with reasonable diligence, to serve process upon him, and it must not be a secret one, designed to deceive and mislead the creditor. Open visits, which might well be known to all persons, are to be credited to the debtor, while on the other hand successive absences may be accumulated against him.